UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

JOSEPH D. GILBERTI, JR., P.E., an
Individual and Licensed Professional Engineer,

    Plaintiff,

v.

ADRURRA GROUP INC. (fka KING
ENGINEERING ASSOCIATES, INC.), a
Florida Corporation; HENNINGSON,
DURAM & RICHARDSON, INC. (HDR
Inc.), a Florida Corporation; STANTEC
CONSULTING SERVICES, INC., a Florida
Corporation; CAROLLO ENGINEERS, INC.,
a Florida Corporation; PROGRESSIVE
WATER RESOURCES, LLC, a Florida
Limited Liability Corporation; HAZEN
AND SAWYER, P.C., a Florida Corporation,

    Defendants.

Case No. 2:19-cv-559

## DEFENDANT'S, CAROLLO ENGINEERS, INC., MOTION TO DISMISS WITH PREJUDICE

Defendant, Carollo Engineers, Inc., ("Carollo"), by and through its undersigned counsel, hereby moves this Court to dismiss with prejudice Plaintiff Joseph Gilberti's patently insubstantial Complaint [D.E. 1] for lack of jurisdiction, failure to state a claim and as an impermissible shotgun pleading pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), 8(a)(2), and 10(b).

The District Court for the District of Columbia has *sua sponte* dismissed a near-identical complaint as patently insubstantial, concluding:

> [Mr.] Gilberti has failed to meet his burden to establish that this Court has subject matter jurisdiction, even under the "less stringent standards" to which federal courts hold pro se litigants. Haines v. Kerner, 404 U.S. 519, 520 (1972). The allegations that Gilberti makes—e.g., that Defendants have engaged in a decades long conspiracy to hide an endless supply of underground drinking water for their own monetary benefit []—are clearly of the type that courts routinely dismiss as patently insubstantial under Fed. R. Civ. P. 12(b)(1).

*Gilberti v. Fed. Reserve Sys.*, No. 19-CV-0738 (KBJ), 2019 WL 1901293, at *2 (D.D.C. Apr. 29, 2019).

Like in *Gilberti v. Fed. Reserve Sys.*, and in a recently stayed case Plaintiff filed against Governor Ron DeSantis and others[1], Mr. Gilberti's Complaint filed in this matter is a rambling and bizarre narrative of conspiracy theories, aimed this time at a set of engineering firms including Carollo, as opposed to the Federal Reserve Bank, former President Obama, House Majority Leader Pelosi and Senate Majority Leader Mitch McConnell.

The allegations of Mr. Gilberti's Complaint assert, among other things, that the Defendant engineering firms named in his Complaint conspired in a "straight forward" scheme, to sell water from "Heavily Radioactive treated River" [sic] to Florida residents, with the goal to:

> [B]uild more Hospitals and get those projects for other departments within their firms or constituents, sell more Medical Equipment for Stocks, destroy children and families with Cancer rate increases and bad medicine from poor Water quality resources; using regulations that knowingly violated and misrepresented to the public to keep their fees higher, paid by Tax dollars through continuing service contracts.

Complaint at ¶¶ 44-45 [D.E. 1].

---

[1] *Joseph D. Gilberti, Jr. P.E vs Governor Ron DeSantis, The Mosaic Company, et. al,* Case No. 2:19-cv-00282-SPC-MRM, United States District Court, Middle District of Florida, Fort Myers Division.

Mr. Gilberti further concludes that if Defendants implemented Mr. Gilberti's proposed solution to utilize "Blue Gold":

> THE ENGINEER'S Home, Clients properties and Every Florida home that was foreclosed from Tampa to Miami may have survived as since Hurricane Charlie if DEFENDANTS installed THE ENGINEERS resource and promoted Alkaline Cancer preventing homes. Just as Flint Michigan homes went down in value there is a proven correlation of drinking water quality to land and home values, with this potentially healthiest water ever seen on Earth, by Far, millions of Florida Homes would have stabilized in the Recession from 2004 to Today. Bailout monies from US Federal Reserve would not have been needed with World medicine export and GDP created from an Alkaline Housing boom this Resource and many more that are hidden would have been exposed by DEFENDANTS. With THE ENGINEER'S plans and resource homes would have gained equity instead of Cancer Rates and foreclosure mills from the DEFENDANTS actions and negligence to THE PEOPLE. DEFENDANTS attacked all of America as this Unique Resource teaches new medicine, Energy production and cannot be Manmade anywhere on Earth.

Complaint at ¶ 47 [D.E. 1].

Mr. Gilberti's Complaint involves allegations of terrorist attacks, bond hikes, the KT event that killed the dinosaurs, the zika virus, higher cancer and disease rates, rising health care costs, the opioid epidemic, the foreclosure crisis, wars, migration issues, hospital construction, "Big Pharma," and Wall Street. Complaint at ¶¶ 22, 23, 41, 47, 49, 52, 57 and 63 [D.E. 1]. In addition to being frivolous, Mr. Gilberti's allegations are irrational and clearly fictitious and this court should find them patently insubstantial, and promptly and summarily dismiss Mr. Gilberti's claims.

**A. The Complaint should be dismissed for lack of jurisdiction as patently insubstantial.**

As is facially apparent, Mr. Gilberti's Complaint is patently insubstantial, and federal courts "are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit." *Hagans v.*

*Lavine*, 415 U.S. 528, 536 (1974). That is, "[n]o federal question jurisdiction exists 'when the complaint is patently insubstantial.'" *Grady v. United States Dep't of Def.*, No. 16-14293, 2017 WL 35531, at *2 (S.D. Fla. Jan. 4, 2017), aff'd sub nom *Grady v. United States Gov't*, 702 F. App'x 929, 930-31 (11th Cir. 2017) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)).

A complaint may be dismissed as frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)).  While pro se pleadings are to be liberally construed, pro se complaints may be dismissed when the claims are "flimsier than 'doubtful or questionable' [and are] 'essentially fictitious.'" *Best*, 39 F. 3d at 330 (quoting *Hagans*, 415 U.S. at 536-37). Such claims include "bizarre conspiracy theories, any fantastic government manipulations of their will or mind [or] any sort of supernatural intervention." *Id.* at 330.

Dismissal of Mr. Gilberti's Complaint as patently insubstantial, even as a pro se plaintiff, is appropriate given its allegations. Courts have routinely dismissed complaints for lack of jurisdiction when the complaint are comprised of "fictitious claims" and "bizarre conspiracy theories." *Farris v. MetLife, Inc.*, No. 16-00278, 2018 WL 4938684, at *4 (M.D. Fla. May 21, 2018), *report and recommendation adopted*, 2018 WL 4931818 (M.D. Fla. Oct. 11, 2018). In *Grady*, for example, the court dismissed the complaint because his,

> allegations—that the government employed surveillance specialists to harass him while he was in the library and at theaters; performed sting operations at local bars; used electromagnetic surveillance, cameras, and rooftop devices to monitor him; and had a nurse act as a covert operative to implant a microchip in his ear—are so attenuated and unsubstantial as to be devoid of merit.

*Grady*, 702 F. App'x at 930-31 ("Although his claims appear to arise under the Constitution and federal statutes, they are far-fetched, wholly unsupported and therefore insubstantial and frivolous. They were properly dismissed under Rule 12(b)(1)."); *see also Widtfeldt v. Internal Revenue Serv.*, 317 F. Supp. 3d 281, 284 (D.D.C. 2018), *aff'd*, No. 18-5242, 2019 WL 479846 (D.C. Cir. Jan. 28, 2019) (dismissing as patently insubstantial a complaint making vague and unsupported "allegations of government-created epidemics, 'break-ins,' partisan conspiracies, and bribery"); *Custis v. CIA*, 118 F. Supp. 3d 252, 254 (D.D.C. 2015) (collecting cases).

The same reasoning applies to this case, as the District Court for the District of Columbia determined and dismissed on its own initiative a near-identical action filed by Mr. Gilberti. The factual allegations in this action are nearly identical to those in the *Federal Reserve* case and the *Governor DeSantis* case. The only difference is some of the defendants. That does not, however, change the patently insubstantial allegations on which the District Court for the District of Columbia *sue sponte* dismissed the same complaint because "[t]he allegations that Gilberti makes—e.g., that Defendants have engaged in a decades long conspiracy to hide an endless supply of underground drinking water for their own monetary benefit—are clearly of the type that courts routinely dismiss as patently insubstantial under Fed. R. Civ. P. 12(b)(1)." *Gilberti v. Fed. Reserve Sys.*, 2019 WL 1901293, at *2. Thus, the instant Complaint, comprised of "fictitious claims" and "bizarre conspiracy theories" should similarly be dismissed by this Court for lack of jurisdiction as patently insubstantial.

### B. The Complaint should be dismissed as an impermissible shotgun pleading.

Not only is the Complaint patently insubstantial, it is also a quintessential shotgun pleading and may be dismissed under Rules 8(a)(2) and 10(b). There are several varieties of shotgun pleadings,[2] but the problem with all shotgun pleadings "is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015).

Mr. Gilberti's Complaint is impossible to decipher. He makes far-fetched claims against the Defendants, sometimes specifying the specific Defendant and sometimes referencing all Defendants, and it is impossible to determine his causes of action. The Complaint is entitled "Racketeer Influenced and Corrupt Organization Act ('RICO')," and there are references to RICO throughout the Complaint. However, the purported causes of action are for strict liability under section 376.313, Florida Statutes, strict liability for abnormally dangerous activity, and nuisance (none of which fall under this Court's subject matter jurisdiction as none of them involve federal questions and pendant jurisdiction is inapplicable as no other federal question cause of action is set forth in the Complaint).

---

[2] *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) ("Though the groupings cannot be too finely drawn, we have identified four rough types or categories of shotgun pleadings. The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.").

Complaint ¶¶55-70. There is no RICO claim asserted as a cause of action. Moreover, Plaintiff does not specify which count is against which Defendant or how each Defendants' acts or omissions contributed to that cause of action. The Complaint is simply "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1321–23. Accordingly, it should be dismissed as an impermissible shotgun pleading.

### C. The Complaint should be dismissed for failure to state a claim.

Finally, the Complaint should be dismissed under Rule 12(b)(6) for failure to state a claim. Under the federal pleading standard, a complaint must contain a "plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554 (2007). Dismissal is warranted if a complaint relies on "naked assertions devoid of further factual enhancement," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. As to "complaints that defy reality," not only may they be dismissed under Rule 12(b)(1), "they are also subject to dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *Grady*, 2017 WL 35531, at *3. In these types of cases, the standard of review is even lower than the *Iqbal*/*Twombly* plausibility standard:

> The Supreme Court's ruling in *Iqbal* permits dismissal under Rule 12(b)(6) when a complaint defies reality as we know it. As Justice Souter observed, the exception to the rule that courts must accept the allegations in a plaintiff's complaint as true "lies with allegations that are sufficiently fantastic to defy reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel." *Iqbal*, 556 U.S. at 696 (Souter, J., dissenting).

*Grady*, 2017 WL 35531, at *3. Mr. Gilberti's Complaint falls into this category, and therefore, the Court should not accept his allegations as true. Moreover, even as to the causes of action he does allege, he fails to plead the required facts and elements for each claim.

In the section of his Complaint entitled "Causes of Action," Mr. Gilberti first brings a claim under section 376.313, Florida Statutes. *See* Complaint ¶¶ 55-58. To state a plausible claim under section 376.313, however, "a plaintiff must allege that: (1) a prohibited discharge or other pollutive condition occurred, and (2) damages." *Clark v. Ashland, Inc.*, No. 2:13-CV-794-FTM-2, 2015 WL 1470657, at *3 (M.D. Fla. Mar. 31, 2015) (citing *Curd v. Mosaic Fertilizer, LLC*, 39 So. 3d 1216, 1221-22 (Fla. 2010). Mr. Gilberti mentions pollution throughout the Complaint but does not base a claim on a prohibited discharge or pollution. Instead, his focus is to allege a conspiracy to hide purportedly cancer-curing water. Moreover, as discussed above, his "facts" are patently insubstantial and as such cannot be considered as true by the Court. As such, he fails to state a claim under section 376.313, Florida Statutes.

Mr. Gilberti next asserts a claim of strict liability for an abnormally dangerous activity. *See* Complaint ¶¶ 59-67. To maintain a claim of strict liability for an abnormally dangerous activity, however, the Complaint must allege facts addressing the following factors:

> (a) existence of a high degree of risk of some harm to the person, land or chattels of others;
>
> (b) likelihood that the harm that results from it will be great;
>
> (c) inability to eliminate the risk by the exercise of reasonable care;

(d) extent to which the activity is not a matter of common usage;

(e) inappropriateness of the activity to the place where it is carried on; and

(f) extent to which its value to the community is outweighed by its dangerous attributes.

*Peoples Gas System v. Posen Constr., Inc.*, No. 2:11-cv-231-FtM-29SPC, 2011 WL 5525346, *3 (M.D. Fla. Nov. 14, 2011) (granting a motion to dismiss on a strict liability count for failure to state a claim). As the *Peoples Gas* court noted, the activity must "must create a danger of physical harm to others *and* be an abnormal one." *Id*. Mr. Gilberti allegations are rambling and incomprehensible and do not articulate what abnormally dangerous activity is occurring. Mr. Gilberti also fails to make any plausible allegations of how any abnormally dangerous activities harmed him in any way.

Mr. Gilberti's next cause of action is nuisance. *See* Complaint ¶¶ 68-70. "[A] public nuisance may be classified as something that causes 'any *annoyance* to the community or harm to public health.'" *Flo-Sun, Inc. v. Kirk*, 783 So. 2d 1029, 1036 (Fla. 2001) (quoting *Kirk v. United States Sugar Corp.*, 726 So.2d 822, 826 (Fla. 4th DCA 1999)); *see also Orlando Sports Stadium, Inc. v. State ex rel. Powell*, 262 So. 2d 881, 884 (Fla. 1972) ("A public nuisance violates public rights, subverts public order, decency or morals, or causes inconvenience or damage to the public generally."). As with Mr. Gilberti's other counts, he does not present sufficient plausible facts or legal theories to support this claim, and this count lacks any facts supporting his claim and falls far short of the *Iqbal*/*Twombly* pleading requirement. *See*, *e.g.*, Complaint ¶¶ 68-70.

Finally, there is Mr. Gilberti's RICO claim. Mr. Gilberti, however, does not list RICO as a cause of action in the Complaint even though he repeatedly refers to RICO throughout the document, and his Complaint is entitled "Racketeering Influenced and Corrupt Originations Act." Further, even if titling a complaint as a "RICO complaint" qualifies as a cause of action, which it does not, Mr. Gilberti nonetheless fails to plead sufficient facts to state a claim under the applicable RICO pleading standard:

> To recover [pursuant to RICO], a civil plaintiff must establish that a defendant (1) operated or managed (2) an enterprise (3) through a pattern (4) of racketeering activity that included at least two racketeering acts. A civil plaintiff must also show (1) the requisite injury to 'business or property,' and (2) that such injury was 'by reason of' the substantive RICO violation. [A] racketeering activity . . . must be an act in itself subject *to* criminal sanction. The 'pattern of racketeering activity' element requires that a civil RICO plaintiff establish 'at least two acts of racketeering activity.'

*Yandell v. Christensen*, No. 3:16-CV-1028-J-39MCR, 2017 WL 7371183, at *5 (M.D. Fla. Aug. 18, 2017) (internal citations and quotation marks omitted). Mr. Gilberti fails to satisfy any of the elements of a RICO claim, instead making scatter shot allegations regarding, terrorist attacks, bond hikes, the KT event that killed the dinosaurs, the zika virus, higher cancer and disease rates, rising health care costs, the opioid epidemic, the foreclosure crisis, wars, migration issues, Hospital Construction, Big Pharma, and Wall Street. Complaint at ¶¶ 22, 23, 41, 47, 49, 52, 57 and 63 [D.E. 1]. These allegations defy reality and should be given no presumption of truth by the Court. Accordingly, Gilberti has no legal or factual support for his RICO claim.

Because Mr. Gilberti has failed to allege (1) the requisite elements of the causes of action he has attempted to assert; or (2) any reasonable or acceptable facts for the Court to consider in support of his Complaint, he has not stated any claims for relief.

Finally, even though courts generally provide pro se plaintiffs an opportunity to amend their complaints, dismissal with prejudice may still be appropriate if granting leave to amend would be futile. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.") Here, amendment would be futile. The claims in the Complaint are so far-fetched and bizarre that no amount of amending could cure them such that they would not again be subject to immediate dismissal. Consequently, dismissal with prejudice is warranted.

## CONCLUSION

There are limits to judicial access even when pro se plaintiffs are involved. One such limit is when a litigant's claims are patently insubstantial, as is the case here. Further, in addition to the patently insubstantial nature of the claims, the Complaint is a classic shotgun pleading that is subject to dismissal. Finally, Mr. Gilberti fails to allege any of the elements for the counts he seeks to advance. Accordingly, Carollo respectfully requests this Court to dismiss the Complaint with prejudice for lack of jurisdiction, or alternatively as a shotgun pleading and for failure to state a claim.

Respectfully submitted this 5th day of September, 2019.

/s/Brian W. Bennett
Brian W. Bennett, Esquire
Florida Bar No. 0104256
Primary:      brian@bennettlegalgroup.com
Secondary:   bonnie@bennettlegalgroup.com
BENNETT LEGAL GROUP, P.A.
214 South Lucerne Circle East, Suite 201
Orlando, Florida  32801
407-734-4559
407-209-1006 (fax)

Attorneys for Defendant, Carollo Engineers, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 5, 2019, I electronically filed the foregoing with the Clerk of the Court by using the ECF system which will send a notice of electronic filing to the following:

Joseph D. Gilberti, Jr., P.E.
385 Donora Boulevard
Ft. Myers Beach, Florida 33931
gilberti.water.company.fla@gmail.com

/s/Brian W. Bennett
Brian W. Bennett, Esquire